By the Court,
Robertson, Ch. J.
The bank on whom the check in controversy was drawn, was entitled to recover from the persons to whom they paid it the amount thereof; in consequence of the names of the payees being forged thereon. (Canal Bank v. Bank of Albany, 1 Hill, 287. Morgan v. Bank of State of New York, 11 N. Y. Rep. 404. Graves v. American Exchange Bank, 17 id. 205.) Those persons, in turn, were entitled to reclaim from the plaintiff the amount paid by them to him for it. By such actual payment by him, he became the owner thereof again, "so far as the liability of the makers of all genuine indorsements after the payees is concerned. The forgery of the names of the payees, on the faith of whose genuineness the plaintiff is to be presumed to have taken the check, dispensed with notice of its non-payment. *412 The liability of the defendants, as indorsers, is complete, if it was taken by the plaintiff, as a purchaser in good faith, for value, or they indorsed it voluntarily for the accommodation of any party.
The plaintiff took this check from a person named Miaglia, partly in payment of a previous debt due from the latter to him, but he advanced the residue in cash ; and thus became a purchaser for value. The defendants’ counsel, on the trial, requested the court to charge, “ that if Miaglia took the check indorsed by the defendants from them, without their consent and feloniously, then the defendants are not liable to the plaintiff,” which the court refused, and the defendants’ counsel excepted. The only evidence in relation to the mode of obtaining the indorsement of the defendants was that of the defendant Bouyer. He testified that after ascertaining the check to be genuine, he took it to a bank, and wrote the name of his firm, on it for deposit merely; he then added, “I handed it to the receiving teller; he asked me if I knew the name of the indorsers ; I said I did not; I knew ‘ the drawers,’ and they said the check was perfectly good. He told me not to take it; then Mr. Miaglia took the check and put it in his pocket, and he went off.” This did not constitute evidence of a felony. So far as the defendants were concerned, they allowed the party from whom they received the check to take it back, with their names voluntarily written and left upon the back of it. Ho false representations were used to induce them to put or keep their firm name upon it. They allowed such check to remain so indorsed, without remonstrance, and thereby enabled Miaglia, on the strength of their responsibility, to obtain money on it.
But it is claimed that the circumstances under which the plaintiff took the check, were such as ought to have created suspicions in the mind of any prudent person as to the rightful ownership of the check. This, of course, would be immaterial, if the defendants voluntarily lent their names to Miaglia, or permitted him to use them. But even if their indorsement was obtained by fraud, and there was evidence in the case to *413 sustain such a charge, no such question was raised or requested to be left to the jury, and it is too late now.
I do not see how the liability of the defendants can be affected favorably to them by the fact of the forged prior indorsement of the payees’ names. By putting their names on the back of the check, they gave it currency, and even if the plaintiff had reason to believe that such prior indorsement was not genuine, the defendants undertook by their indorsement to be responsible that if it was not, they would pay what the plaintiff gave for the check.
On the trial,- the learned judge who presided charged the jury that the only question for them to decide was whether the signature of the payees, indorsed on the check, was genuine or a forgery. This was excepted to. He also charged that there was nothing in the circumstances of the case, to put the plaintiff upon inquiry as to the genuineness of the signature, to which an exception was taken, but which I look upon as wholly immaterial, for the reasons before given. So, too, the question of the discrepancy between the names of the payees of a previous check, and that for which they are in question was given, was equally immaterial. I do not think the first exception sufficient, even if there had been any other question to be passed upon by the jury, besides that stated ; the defendants’ counsel was bound, in such case, to suggest any question omitted, and ask the court to instruct the jury in regard to it. But in fact there was no other question; the defendants had voluntarily furnished Miáglia with their indorsement, and allowed him to retain it, and thereby became responsible for impositions practiced by him by means thereof, on a bona fide purchaser, and the plaintiff was such. I do not even find that any thing in the conduct or relation of Miaglia to the plaintiff when he gave the check, was calculated to create any suspicion in the mind of a prudent person. He had previously dealt with him, although he knew nothing of his business, position, character or antecedents.
I find no error committed in any of the rulings on the trial.-
The judgment should be affirmed, with costs.